VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 23-CV-01919



William McLaughlin, Jr. v James Baker et al

Opinion and Order on Cross-Motions for Summary Judgment

The question in this case is whether the Department of Corrections ("DOC") must grant a prisoner charged with a disciplinary violation a hearing before imposing a punishment—even if the alleged violation is minor and the punishment is not or cannot be segregation or the loss of good time.  Plaintiff William McLaughlin was charged with a minor violation, his request for a hearing was denied, and punishment, the loss of a certain privilege for 30 days, was imposed.  He seeks a remand requiring the DOC to grant him a hearing.  The State argues that neither its disciplinary policy nor relevant statutes require a hearing for minor violations that do not result in segregation or the loss of good time.  There is no contention that due process required a hearing in the circumstances of this case.  The parties have filed cross-motions for summary judgment addressing this controversy.

The Court makes the following determinations.

I.      Procedural Standard

Summary judgment procedure is "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).  Summary judgment is appropriate if the evidence in the

record, referred to in the statements required by Vt. R. Civ. P. 56(c)(1), shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994) (summary judgment will be granted if, after adequate time for discovery, a party fails to make a showing sufficient to establish an essential element of the case on which the party will bear the burden of proof at trial). The Court derives the undisputed facts from the parties' statements of fact and the supporting documents. *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413, 427. A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact. Instead, it must come forward with deposition excerpts, affidavits, or other evidence to establish such a dispute. *Murray v. White*, 155 Vt. 621, 628 (1991). Speculation is insufficient. *Palmer v. Furlan*, 2019 VT 42, ¶ 10, 210 Vt. 375, 380. Where, as here, there are cross-motions for summary judgment, the parties opposing summary judgment "are entitled to the benefit of all reasonable doubts and inferences." *Montgomery v. Devoid*, 2006 VT 127, ¶ 9, 181 Vt. 154, 156.

II.     Analysis

The parties agree that the DOC's 2012 disciplinary policy was modified in 2017 to eliminate the ability of a prisoner charged with a minor violation of facility rules to have a disciplinary hearing prior to the imposition of punishment. *See* DOC Policy 410.01 and Policy 410.01 Interim Revision Memorandum (June 2017). Mr. McLaughlin argues that the relevant statutes, 28 V.S.A. §§ 851–853, clearly require a hearing prior to the imposition of any punishment whatsoever, without distinguishing among the types of violations or severity of punishment. The State argues that, under § 852(b), the DOC is

only required to grant a hearing if the punishment might be segregation or the loss of good time. The State further contends that neither were potential punishments in this case under its disciplinary policy, an assertion that Mr. McLaughlin disputes. The State argues that if the Court finds the statute ambiguous in this regard, it should defer to the DOC because it is the agency in charge of implementing it.

Section 851 provides: "No inmate shall be punished except under the order of the officer or of a deputy designated by him or her for the purpose, nor shall any punishment be imposed otherwise than in accordance with the provisions of this subchapter." Section 852(b) then provides: "In disciplinary cases, *which may involve the imposition of disciplinary segregation or the loss of good time*, the disciplinary committee or a designated hearing officer shall conduct a fact-finding hearing," pursuant to required procedures. 28 V.S.A. § 852(b) (emphasis added). There is no other relevant hearing requirement in the applicable statutes.

The State argues that the emphasized language operates to limit the type of cases that require hearings to those in which segregation or the loss of good time will be available punishments, and because that was not the case here, no hearing was required. Mr. McLaughlin argues that the emphasized language imposes no such limitations, but he does not offer any competing interpretation that would illuminate a different meaning.

The Court declines to engage in any original analysis of § 852(b) because the Court concludes, as Mr. McLaughlin has argued in the alternative, that this matter already has been resolved by the Vermont Supreme Court in *Borden v. Hofmann*, 2009 VT 30, 185 Vt. 486. The principal question in *Borden* was whether the consequence for undesirable

behavior imposed by the DOC, a diet of Nutraloaf, was "punishment" for purposes of 28 V.S.A. § 851 such that a disciplinary hearing was first required under § 852(b). Obviously, a Nutraloaf diet is neither segregation nor the loss of good time credits. Nevertheless, in those circumstances, the Court construed § 852(b) as follows: "Section 852 requires that '[i]n disciplinary cases . . . [the Department] shall conduct a fact-finding hearing' prior to punishment, at which the inmate is entitled to notice of the charge, to confront the person bringing the charge, to testify, and to question witnesses." *Borden*, 2009 VT 30, ¶ 8, 185 Vt. at 490. The ellipsis, in the original decision, indicates that the Court consciously omitted the disputed clause. Although the Court does not say what the omitted language does mean, in context, the Court appears to intend that the clause does not operate as a limitation on the hearing requirement in the immediately preceding language. Thus, *Borden* stands for the principle that if the DOC contemplates imposing "punishment" for purposes of § 851, then it must first grant a hearing under § 852(b).[1]

*Rose v. Touchette*, 2021 VT 27, 215 Vt. 555, is to the same effect. At issue in *Rose* was whether Mr. Rose's expulsion from programming was punishment under § 851 such that he first should have been given a hearing under § 852(b). Again, of course, expulsion from programming is not segregation or the loss of good time credits. Nevertheless, the Court indicated that § 852(b) would require a hearing if the determination were made (on remand) that expulsion was punishment. *See Rose*, 2021 VT 27, ¶ 19, 215 Vt. at 563; *see also id.*, 2021 VT 27, ¶ 22, 215 Vt. at 565 (describing *Borden* as follows: "a group of inmates contended that DOC's practice of placing inmates on a diet of Nutraloaf in response to the misuse of food, utensils, or bodily waste

---

[1] To the extent the State seeks to revisit the judicial construction of § 852(b), this Court is not the correct forum for such a request.

constituted punishment under § 851 and therefore required a hearing before DOC could impose the diet"); *accord Barber v. Hardy*, No. 22-CV-833, 2023 WL 5338899, at \*3–4 (Vt. Super. Ct. May 09, 2023) (punitive expulsion from programming requires a hearing under Rose and Borden).[2]

There is no dispute that the DOC imposed a punishment in this case: the loss of a privilege for 30 days. It did so without a hearing in violation of §§ 851–852, as interpreted by the Vermont Supreme Court in *Borden* and *Rose*.

Deference to the DOC's contrary interpretation of § 852(b) is unwarranted because the Vermont Supreme Court's decisions in *Borden* and *Rose* are binding on the DOC and this Court.

It is also unnecessary to parse the DOC's policies to determine whether they would permit the imposition of segregation or the loss of good time for a minor violation, at least in the circumstances of this case. The issue is irrelevant because §§ 851–852 required a hearing in any event.

## Conclusion

For the foregoing reasons, Mr. McLaughlin's motion for summary judgment is granted, and the State's is denied. The administrative determination of guilt is vacated, and this case is remanded for a disciplinary hearing. If Mr. McLaughlin is found guilty following that hearing, the DOC shall give him credit for the punishment already imposed as against any new punishment.

---

[2] Nothing in *Borden* or *Rose* suggests that the Court's interpretation of the statute was guided by the scope of the version of Policy 410.01 in effect at the time.

Electronically signed on Wednesday, June 19, 2024, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge